FILED
United States Court of Appeals
Tenth Circuit

August 2, 2011

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

JESUS CONTRERAS-BOCANEGRA,

    Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

    Respondent,

-------------------------------

AMERICAN IMMIGRATION
COUNCIL; AMERICAN
IMMIGRATION LAWYERS
ASSOCIATION; NATIONAL
IMMIGRATION PROJECT OF THE
NATIONAL LAWYERS GUILD; POST-
DEPORTATION HUMAN RIGHTS
PROJECT; ROCKY MOUNTAIN
IMMIGRANT ADVOCACY
NETWORK,

    Amici Curiae.

No. 10-9500

---

**ORDER**

---

Before **BRISCOE**, Chief Judge, **KELLY, LUCERO, MURPHY, HARTZ, O'BRIEN, TYMKOVICH, GORSUCH, HOLMES** and **MATHESON**, Circuit Judges.

This matter is before the court on the petitioner's request for en banc rehearing. We also have a response in opposition from the respondent, as well as two amicus curiae briefs. Upon consideration, the request for en banc rehearing is granted. *See* 10th Cir. R. 35.6. This matter will be heard en banc on the court's November 2011 oral argument calendar. That calendar is set for the week of November 14, 2011. The parties will be advised of the exact date and time for argument when the calendar is finalized.

In addition, the parties are directed to file simultaneous supplemental briefs on or before August 30, 2011 addressing the following questions:

1. Could the Attorney General's regulatory decision to limit the "jurisdiction" of the BIA through the post-departure bar (8 C.F.R. § 1003.2(d)) be characterized as a "categorical exercise of discretion"?

2. There appears to be some tension between 8 U.S.C. § 1182(a)(9)(A)'s bar on admission of previously removed aliens and 8 U.S.C. § 1229a(c)(6) & (7)'s allowance for reopening or reconsideration in at least some circumstances. Could the post-departure bar be a reasonable regulatory response by the Attorney General to this apparent ambiguity?

3. If a removed alien succeeds in a motion to reopen or reconsider, what relief can the BIA grant? How does the availability and nature of any possible relief from the BIA inform the reasonableness of 8 C.F.R. § 1003.2(d)'s post-departure bar?

4. May a removed alien seek reconsideration or reopening directly from the Attorney General? If so, does the ability to seek reconsideration or reopening from additional sources satisfy 8 U.S.C. § 1229a(c)(6) & (7)?

The briefs shall be limited to 20 pages in length in a 13 point font. The parties are

directed to file those briefs on or before the due date via the court's ECF system, then to forward to the office of the clerk, within 2 business days, an additional 14 hard copies. In light of the November calendar setting, requests for extension of time are discouraged.

Entered for the Court,

ELISABETH A. SHUMAKER
Clerk of Court